## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Jennifer Rose Mata** : | |
| **181 Willowshore Drive** : | |
| **Scottsburg, IN 47170-6894** : | |
| : | **Case No:  2-21-cv-194** |
| **Juan Mata** : | |
| **181 Willowshore Drive** : | **Judge:** |
| **Scottsburg, IN 47170-6894** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| vs. : | |
| : | |
| **Jonathan Todd Moon** : | |
| **6361 Beechmont Ave. Apt. 9** : | |
| **Cincinnati, OH 45230** : | |
| : | |
| **Progressive Direct Insurance Company** : | |
| **c/o CT Corporation System** : | |
| **4400 Easton Commons Way, Ste. 125** : | |
| **Columbus, OH 43219** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT
### (Jury Demand Endorsed Hereon)

Plaintiffs Jennifer Rose Mata and Juan Mata, for their Complaint against defendants Jonathon Todd Moon and Progressive Direct Insurance Company ("Progressive"), state the following:

**I.  Nature of the Action.**

1. This is an action for damages and applicable insurance coverage and policy benefits arising from a motor vehicle accident on January 19, 2019.

**II.  Jurisdiction, Venue, and the Parties.**

2. Plaintiffs reside at the above address.  Defendant Jonathan Todd Moon has at all

material times resided at the above address. Defendant Progressive Direct Insurance Company at all relevant times conducted and conducts business in Franklin County, Ohio.

3. This court has both personal and subject matter jurisdiction over the parties and claims. Jurisdiction is predicated upon diversity jurisdiction, 28 U.S.C. §1332, since the parties of different states and the amount in controversy exceeds $75,000.

**III. Facts Common to All Claims.**

4. On January 19, 2019, at approximately 2:30 p.m., defendant Mr. Moon told the responding police officer that he thought his light was green when he unlawfully and negligently proceeded westbound into the intersection of Shayler Road and Clough Pike in Union Township, Ohio against oncoming traffic. The weather was cold, rainy and road conditions were wet.

5. Upon entering the intersection, Mr. Moon's vehicle was violently and forcefully struck by a different vehicle that was lawfully in the intersection being driven by Troy Hall who had a green light driving northbound into the intersection. His vehicle then forcefully and violently struck plaintiff Ms. Mata's vehicle which was also lawfully in the intersection at the time.

6. Mr. Moon admitted his liability for causing the accident at the scene of the accident, and was then cited for the red light offense and released.

7. The collision impact upon Ms. Mata's vehicle was extremely violent, causing the plaintiff Ms. Mata to be seriously injured. Ms. Mata suffered serious physical and mental injuries as a result of the impact.

8. Defendant Moon negligently caused the accident by ignoring the red light and unlawfully entering the intersection on a red light. Defendant Moon recklessly, willfully and

2

wantonly, operated his vehicle in disregard of the safety and rights of plaintiff at the time of the accident.

9. As a direct and proximate result of defendant Moon's actions and conduct in causing the accident, plaintiff suffered multiple permanent painful injuries, as well as will sustain future pain and suffering, mental and emotional distress, among other physical and mental injuries.

10. Plaintiff Jennifer Mata has incurred extensive medical, hospital, surgical, and other related expenses for injuries which are expected to be permanent and resulting in future bills and expenses. Medical bills for multiple surgeries, physical therapy, and related care are close to $200,000. Plaintiff has also incurred lost wages both present and future and other related damages.

11. Defendant Moon was insured by defendant Progressive Direct Insurance Company. Despite multiple requests since the accident and multiple efforts to obtain the insurance policy and declarations page prior to filing this action, Progressive Direct Insurance Company has refused to provide the policy and plaintiffs are therefore unable to attach it to this Complaint. Plaintiffs possess some information which indicates that the policy should provide direct benefits to her as a result of being injured in the accident, but Progressive Direct Insurance Company has refused to provide either the policy or certified information about the benefits available to plaintiffs.

12. Mr. Moon's insurance policy is believed to contain medical payments coverage, underinsured and uninsured motorists coverage, and coverage for injuries and damages incurred by plaintiff.

### Count One - Negligence and Negligence *Per Se*

13. Plaintiffs reallege the above paragraphs as if fully restated herein.

14. Defendant Mr. Moon negligently caused his vehicle to forcefully strike the vehicle being driven by Ms. Mata as she drove into the intersection. By doing so, the defendant thereby violated Ms. Mata's right of way by running a red light, and failing to and losing control of his vehicle, all of which is in violation of applicable city ordinances and state law, including ORC 4511.12, which constitutes negligence *per se*.

15. As a direct and proximate result of Mr. Moon's gross negligence and negligence *per se*, plaintiffs suffered personal injuries, property damage, and other damages which entitles them to damages exceeding $25,000 to be proven at trial.

### Count Two - Breach of Contract and Declaratory Judgment
### (Progressive Direct Insurance Company)

16. Plaintiffs reallege the above paragraphs as if fully restated herein.

17. Defendant Progressive Direct Insurance Company provided insurance coverage to Mr. Moon on January 19, 2019, which is also believed to contain applicable coverage for damages and losses sustained by plaintiffs, including UM coverage and medical payments coverage for the accident.

18. Defendant Progressive Direct Insurance Company has breached the insurance contract with plaintiffs by failing to pay appropriate coverages and benefits due under the policy for the accident.

19. Plaintiffs request a declaratory judgment that Progressive Direct Insurance Company had an insurance policy in effect on January 19, 2019 which provided direct coverage

for plaintiffs or their benefit, that the policy contained provisions of benefits for the losses and damages sustained by plaintiffs arising from the accident.

20. As a direct and proximate result of Progressive Direct Insurance Company's breach of the policy contract, plaintiffs have been damaged in an amount exceeding $25,000 to be proven at trial.

21. As a direct and proximate result, plaintiffs are also entitled to a declaratory judgment that Progressive Direct Insurance Company had issued a policy in favor of plaintiffs on January 19, 2019, and that it covered the damages and losses incurred by plaintiffs as a result of the accident.

## Count Three - Loss of Consortium

22. Plaintiffs reallege the above paragraphs as if fully restated herein.

23. At all times pertinent to this Complaint, Juan Mata was and is the lawfully wedded husband of Jennifer Mata.

24. At all times material herein, plaintiff Jennifer Mata was the wife of Juan Mata, and as husband and wife, each became entitled to the companionship, society, guidance, material services, and consortium of their respective spouses during their marriage.

25. As a result of the injuries to Ms. Mata, plaintiff Juan Mata was deprived of and will in the future continue to be deprived of the companionship, society, guidance, material services, and consortium of his spouse.

26. As a direct and proximate result of defendants' aforementioned negligence, Juan and Jennifer Mata have suffered and will continue to suffer a loss of their spouse's society,

companionship and services which entitles plaintiffs to damages exceeding $25,000 to be proven at trial.

**WHEREFORE**, plaintiffs Jennifer Mata and Juan Mata hereby demand judgment against defendant, for compensatory and punitive damages, if applicable, exceeding $25,000 as to all claims, costs of this action, prejudgment interest on the amount to be awarded from January 19, 2019, reasonable attorney fees and expenses, and whatever further relief this court deems just and appropriate.  Plaintiffs hereby further demand judgment against defendant Progressive Direct Insurance Comp for a declaratory judgment granting applicable insurance coverage for the subject accident, benefits under the policy, and compensatory damages exceeding $25,000, costs of this action, prejudgment interest from January 19, 2019, reasonable attorney fees and expenses, and whatever further relief this court deems just and appropriate.

Respectfully submitted,

*/s/ James P. Connors*
James P. Connors, Esq. (0034651)
**LAW OFFICES OF JAMES P. CONNORS**
580 South High Street, Suite 150
Columbus, OH 43215
(614) 221-6868
FAX (614) 221-6889
*Counsel for Plaintiffs*

### JURY DEMAND

Plaintiffs hereby demand a jury of eight (8) for all triable jury issues contained herein and any claim or defense asserted in this action.

*/s/ James P. Connors*
*Counsel for Plaintiffs*